IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WE THE PEOPLE, UUSCLGJ,

                Plaintiff,

v.                                                          OPINION & ORDER

CHIEF JUDGE WILLIAM M. CONLEY and CHIEF        15-cv-745-jdp
CLERK PETER OPPENEER,

                Defendants.

---

      This civil action was filed by an organization calling itself the "Unified United States Common Law Grand Jury." The document initiating this case, which the court will refer to as "the petition," is captioned variously as a petition for a writ of coram nobis, a writ of mandamus, and a writ of certiorari. Dkt. 1. The petition details plaintiff's grievances with the judicial branch, announces its own authority over the federal courts, and warns that this court's personnel will be held "liable" by plaintiff if they do not submit to plaintiff's authority. The bottom line, apparently, is that plaintiff wants this court to accept, without requiring payment of any filing fees, any paper it chooses to file under plaintiff's own special case number, 1776-1789-2015. The petition was followed by other filings seeking relief against the court and its personnel. Dkt. 2, 3, 4.

      The court must dismiss this case for several reasons. First, pursuant to Article III of the Constitution, this court has jurisdiction over cases and controversies. In other words, this court can hear only actual disputes. But plaintiff does not bring any actual dispute to the court. Rather, plaintiff apparently seeks the authority to act as an independently constituted grand jury with the authority to initiate cases.

Which brings up the second reason the court must dismiss the petition: plaintiff does not have the authority to initiate cases. Citing bits from Black's Law Dictionary, the Constitution, the Bible, and a few Supreme Court decisions, the petition asserts that plaintiff can assume the "common law grand jury" power under the United States Constitution. The petition is nonsense, and plaintiff cannot initiate criminal proceedings in this or any other federal court. A properly empaneled grand jury operates with considerable independence, but it operates under the auspices of the court pursuant to instructions by Congress. *See* Fed. R. Crim. P. 6(a)(1) ("When the public interest so requires, the *court* must order that one or more grand juries be summoned.") (emphasis added); *see also* 1 Susan W. Brenner & Lori E. Shaw, Federal Grand Jury: A Guide to Law and Practice § 2.8 (Database updated Sept. 2014) ("Congress defines the method used to select the grand jury, its structure and the environment within which it functions . . . .").

The third reason the court must dismiss the case is that no judge or other member of the court, including nominal defendants Chief Judge Conley and Clerk of Court Oppeneer, can allow plaintiff to file civil lawsuits without paying a filing fee. Should plaintiff attempt to file any civil actions in this court, it will have to prepay the standard filing fee for whatever action it seeks to file. As an organization, rather than a natural person, plaintiff is not entitled to *in forma pauperis* status. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-06 (1993) (holding only natural persons may qualify for *in forma pauperis* status under § 1915).

Finally, as an organization, plaintiff cannot appear in this court without an attorney licensed to practice law and admitted to practice before this court. *See Rowland*, 506 U.S. at 201-02. The petition is signed by an individual purporting to be the "Grand Jury Foreman."

2

Dkt. 1, at 4. The illegible signature of the "Grand Jury Foreman" is insufficient to show that plaintiff is appearing through licensed and admitted counsel. Any future filing by plaintiff will need to be made through qualified counsel.

Based on the court's review of federal dockets, the petition filed in this court is one of many filed around the country. Because it appears that plaintiff is engaging in a campaign of meritless litigation, any future filings in the name of "Unified United States Common Law Grand Jury" will be refused until a judge of this court confirms that: (a) any required filing fee is paid in full; (b) the filing is made by qualified counsel; and (c) the filing is not manifestly frivolous.

ORDER

IT IS ORDERED that this case is DISMISSED.

Entered April 15, 2016.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge